EJECTMENT.

*Case* 113.

Septembar 13.

Case stated and
decision in the
Circuit Court.

## Smothers & Wife *vs* Mudd, &c.

### APPEAL FROM THE MARION CIRCUIT.

*Ejectments. Bar by former Adjudication. Evidence.*

JUDGE GRAHAM delivered the opinion of the Court.

In the year 1823, Durham Brents died intestate leaving
at his death, twelve children, of whom at least nine
were infants. In 1826, Owens and wife (the latter be-
ing one of the heirs,) by their bill in chancery exhibited
against the other heirs sought to obtain a decree to sell
the lands which descended from Brents to his heirs. The
infants, (of whom Isabella was one) by their guardian
*ad litem* resisted the prayer for sale, and insisted that a
decree should be rendered for division of the lands.
Notwithstanding this, and regardless of the fact that
the bill itself, and the report of Commissioners. both
showed that the interest of each heir in the land, was
worth more than one hundred dollars, the Court de-
creed a sale of the entire tract. The Commissioner
sold it in parcels. Pearce, Drain, Charlton, and Mudd
each became a purchaser of part, and each received a
deed from the Commissioner. Isabella yet being a
minor, married Henry Snelling, who after the lapse of
some twelve months, abandoned her, having in the
meantime perhaps received his wife's share of the sale.
There is however, no direct proof of this. Snelling left
this Commonwealth, and was not seen or heard of, for

more than seven years. His wife then married Smothers. Sometime after this second marriage, and in consequence perhaps of recent reports that Snelling was yet alive, an act of the Legislature was in 1848 obtained divorcing said Isabella from her husband Snelling, and confirming and establishing her marriage with Smothers. Previously to this act of divorce, to wit on 1st May, 1846, an action of ejectment on the demise of some of the heirs of Brents, deceased, was instituted against the present defendants for the land now in contest and was determined Oct. 1848; the jury having found for defendants as to the demise of Smothers & wife and for the plaintiff on the other demises.

Shortly after the passage of the act divorcing Snelling and wife, the present action of ejectment was instituted. The declaration contains two counts, the first laying the demise on 1st June 1846, and the 2d on the 3d March 1848, from Smothers and wife, and from Henry Snelling and wife. On the calling of the cause for trial the plaintiff's attornies were at the instance of the defendants, required to show by what authority they used the name of Henry Snelling as one of the lessors of the plaintiff, and failing to show any other than the facts already recited, the Court directed the demise in the name of said Snelling to be striken from the declaration. The trial then proceeded, and during its progress, the facts already recited were proven to the jury. The Court also permitted witnesses to state that other persons, most of whom, if not all, were either dead or removed from this State, had informed them that Snelling was alive, and had been seen by them in Louisville &c., not more than five years since. Upon the foregoing statement of proof, and upon the instructions of the Court, the jury rendered a verdict for the defendants, all of whom we should previously have stated, claim the land by virtue of the purchase under the decree alluded to. The Court having overruled a motion for a new trial, the plaintiff's lessors, Smothers and wife, have by appeal brought the case to this Court, and now insist that the Court erred, in the reception of hearsay evidence as to Snelling being yet alive, and in permitting the

SMOTHERS AND
WIFE
vs
MUDD, &c.

verdict and judgment in the former suit to be read as evidence, and in giving and refusing instructions, and in ordering the demise in the name of Snelling to be striken from the declaration, and in refusing a new trial &c.

A second action of ejectment is not barred except in the particular cases specified in 13th sec. of the act of 1825, (1 Digest, 586-7.)

If Snelling was dead, or if by reason of the demise, he had no interest in the land, his name was improperly used. If, on the contrary he was alive, and if by the act of divorce, he was not deprived of the interest which as husband he had in the lands of the wife, then no one without authority from him, had any right to use his name to recover the land. It seems to us that the Court did not err in its action on that motion. But we think there was error in permitting this record in the first ejectment suit, to be read as evidence. This is not one of the cases embraced in the 13th Sec. of the act of 1825, (1 Dig. 586-7.) The first action was not a bar to the second, and its record could not elucidate any matter in issue in this suit. Therefore it should not have been read to the jury.

Hearsay that a party who has been absent from the place of his residence for more than seven years, had been seen by others, is not competent to prove that he was still living; those who had seen him within the time should be produced to testify.

We are also of opinion that the Court ought to have excluded the hearsay statements of the witnesses as to Snelling. The statute of 1798, (1. Dig. 544.) enacts that any person absenting himself beyond sea, or elsewhere for seven years successively shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive in that time. The proof shows that Snelling had been absent for more than seven years from this State, the country of his residence, and not having been heard from was supposed to be dead. After the lapse of twelve years, some two or three persons report to others, that they had seen him alive. Such information certainly cannot be regarded "as proof that he was alive." It would be very dangerous to the rights of litigants, to permit such mere hearsay statements to be used in evidence. The Court should have excluded them, and should also have refused the defendants instruction No. 13, which was based upon that proof. What effect the act of the Legislature divorcing Snelling and wife, and confirming the marriage of the latter to Smothers has upon the rights

of Snelling, supposing him to be alive, is a question of very great importance ; but as it is not at all necessary at present to be decided in the case, we shall not now attempt its investigation. For the errors already suggested, the judgment of the Court below is reversed, and the cause is remanded to that Court, with directions to grant a new trial to the plaintiff, without payment of costs, and for other proceedings not inconsistent with this opinion.

*Rountree and Fogle* for appellants ; *Shuck* for appellees.